DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1866.

---

WILLIAM H. BEMENT AND JAMES DOUGHERTY, TRADING, &c., v. THE TRENTON LOCOMOTIVE AND MACHINE MANUFACTURING COMPANY.

Where, under the lien law of November, 1853, a suit was brought for work and labor done and materials found, and the date of the last article furnished by the plaintiff, as stated in his bill of particulars, was more than a year before the issuing of the summons, the lien cannot be enforced, although the last work done or last article furnished, may have been actually within a year before the summons was sued out.

---

Error to the Circuit Court of Mercer.

The action below was to recover under the lien law for work and labor done and materials furnished. A verdict having been found for the plaintiff, and the Circuit Court having certified certain points to the Supreme Court for their advisory opinion, that court advised that judgment be rendered

513

for the defendants, which was accordingly done. [*Vid.* 2
*Vroom* 247.] And, thereupon, a writ of error was brought to
this court.

The case was argued by—

*A. Browning,* for the plaintiffs in error.

*B. Van Syckel,* for the defendants.

WOODHULL, J.   This writ of error brings up for review a
judgment entered in accordance with an advisory opinion of
the Supreme Court, on a case certified from the Mercer Circuit.

The only question submitted to the Supreme Court, and the
only question to be decided here is, whether, upon the facts as
disclosed by the case, a certain building and land of the de-
fendants are subject to a lien which the plaintiffs claim under
the act of March 11th, 1853. *Nix. Dig.* 524. The claim was
filed January 1st, 1863.

The first item charged in the bill of particulars, is dated
January 28th, 1862. The last item charged is dated Novem-
ber 13th, 1862. The plaintiffs offered evidence, and claim
to have proved, that the last item of materials furnished by
them to the defendants was, in fact, furnished December 3d,
1862, and not November 13th, 1862, as stated in the bill of
particulars.

The summons in the suit brought in the Mercer Circuit,
for the purpose of enforcing the lien, was issued November
30th, 1863, more than one year after the date of the last
item charged in the bill of particulars, but within one year
after the time when, as the plaintiffs insist, the last item of
materials was actually furnished.

The sixth section of the act in question, (*Nix. Dig.* 525,)*
requires that the claim filed in the clerk's office shall contain
" a bill of particulars, exhibiting the amount and kind of labor
performed, and of materials furnished, and the prices at

* *Rev*, p. 670, § 11.

which, and times when, the same was performed and furnished." It requires further, that "such bill of particulars and statements shall be verified by the oath of the claimant, or his agent in said matter, setting forth that the same is for labor done, or materials furnished, in the erection of the building in such claim described at the times therein specified."

The twelfth section of the act, (*Nix. Dig.* 527,)* contains this provision: "Nor shall any lien be enforced by virtue of this act, unless the summons in the suit for that purpose shall be issued within one year from the date of the last work done, or materials furnished in such claim." Both parties cite this provision, and rely upon it, to sustain their respective positions; the plaintiffs, to show that their summons was issued within the time limited by the statute, and that they are, therefore, entitled to a special judgment against the building and land in question; the defendants, to prove that the summons was not issued within the prescribed time, and that, in consequence, the plaintiffs' lien has been discharged by force of the statute, and is irrecoverably gone.

These widely different conclusions result, necessarily, from the different views held by the respective parties, in regard to the point of time from which the prescribed limitation of one year begins to run. The plaintiffs, holding it to be the time when the last work was done, or the last materials furnished; the defendants, that it is the date of the last item in the plaintiffs' claim.

It cannot be seriously doubted, we think, that the construction contended for by the defendants, and adopted by the Supreme Court, is the true one. The language of the clause in question, seems to require this construction. The primary signification of the word *date*, is not time in the abstract, nor time taken absolutely, but, as .its derivation plainly indicates, time *given* or specified, time in some way ascertained and fixed; this is the sense in which the word is commonly used. When we speak of the date of a deed, we do not mean the time when it was actually executed, but the

* *Rev.*, p. 671, § 13.

time of its execution, as given or stated in the deed itself. The date of an item, or of a charge in a book account is not necessarily the time when the article charged was, in fact, furnished, but simply the time given or set down in the account, in connection with such charge. And so "the date of the last work done, or materials furnished, in such claim," in the absence of anything in the act indicating a different intention, must be taken to mean the time when such work was done or matarials furnished, as specified in the plaintiffs' written claim.

That the legislature did, in fact, use the word *date* in this sense, appears still more clearly from other parts of the act. The very next clause of the twelfth section reads thus: "And the time of issuing such summons shall be endorsed on the claim by the clerk, upon the sealing thereof; and if no such entry be made within one year from *such last date,* such lien shall be discharged." Here the statute furnishes its own interpretation of the controverted clause, and informs us, in the plainest possible terms, that the words "date of the last work, &c.," are to be understood precisely as if they had been written "last date of the work done, &c., in such claim."

It was manifestly the purpose of the legislature in this act, to limit the duration of the mechanics' lien with greater precision than had been previously done; and to do it in such a way that its limits might be readily ascertained by reference to the claim filed in the clerk's office.

The act passed March 3d, 1835, (*Pamph.* 148,) substantially re-enacted April 16th, 1846, (*Stat. of N. J.* 743,) and continuing in force until repealed and superseded by the present act, without requiring any statement in the claim, or elsewhere, of the time when the work was done, &c., merely provided that the action to enforce the lien should be instituted within one year after such work done, &c. A very serious objection to this mode of limitation was that it was too indefinite to be of any practical value. Failing to establish in the claim, or elsewhere, a fixed point from which the year of limitation should begin to run, the point at which the lien would terminate was, of necessity,

involved in uncertainty; an uncertainty alike perplexing and injurious to owners and others interested in the property affected by the lien. This radical defect the legislature have wisely and effectually remedied in the present act, by adopting, as the initial point of the limited year, the *last date* in the claimant's bill of particulars, a point both definite and visible, a monument unalterably established in the claim itself.

The summons in this case, not having been issued within the time prescribed by the statute, the judgment entered in the Mercer Circuit is right as it stands, and must be affirmed.

*For affirmance*—HAINES, ELMER, BEDLE, DALRIMPLE, WOODHULL, CORNELISON, WALES, CLEMENT, VAIL. 9.

*For reversal*—KENNEDY. 1.

Judgment affirmed.

CITED in *Edwards et al.* v. *Elliott*, 7 *Vroom* 452; *Raymond* v. *Post*, 10 *C. E. Gr.* 451.